**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EDWARD C. WHITTAKER,

Plaintiff

v.

ABIGAIL KEATING, et al.,

Defendants

Case No.: 3:26-cv-00273-MMD-CSD

**Report & Recommendation of United States Magistrate Judge**

Re: ECF No. 5

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

## I. BACKGROUND

Plaintiff filed a pro se complaint on April 14, 2026. The court dismissed the complaint without prejudice, with leave to amend, and granted Plaintiff thirty days within which to file an amended complaint. Plaintiff has not done so, and the time for doing so has expired. Accordingly, the court hereby recommends the District Judge enter an order dismissing this action without prejudice.

## II. SCREENING

### A. Standard

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

In his original complaint, Plaintiff alleged violations of his due process rights to life and liberty, HIPAA, and tenant privacy laws, as well as retaliatory eviction. Although Plaintiff asserted federal question as the basis for his complaint,[1] the complaint failed to state any colorable federal claim.

First, as the defendants are private parties,[2] there are limited avenues for Plaintiff to bring a claim of constitutional violation against them. Doing so would generally require alleging racial or other class-based discrimination, *see* 42 U.S.C. §§ 1981, 1985, 1986, which the complaint in this case did not do.

---

[1] As the parties are not diverse, Plaintiff cannot bring this action under the court's diversity jurisdiction.

[2] *O'Handley v. Weber*, 62 F.4th 1145, 1155-56 (9th Cir. 2023) (stating that only in "exceptional cases" will a private entity be treated as a state actor for constitutional purposes), *cert. denied*, 144 S. Ct. 2715 (2024). To be considered a state actor, a private party must meet either: "(1) the public function test, (2) the state compulsion test, (3) the nexus test [or] (4) the joint action test." *Id.* at 1157. There were no allegations in the complaint to support finding the Defendants were state actors under any of these tests.

Second, federal jurisdiction did not exist based on a claimed HIPAA violation, as "HIPAA itself does not provide for a private right of action." *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007); *see also Smith on behalf of C.M. v. Tacoma Sch. Dist.*, 476 F. Supp. 3d 1112, 1135 (W.D. Wash. 2020) ("HIPAA lacks a private right of action, meaning that an individual litigant like Smith may not sue based on an alleged violation.").

Third, Plaintiff did not invoke any federal law protecting "tenant privacy," and the facts as alleged in the complaint did not clearly suggest a claim under any federal law.

Finally, retaliatory eviction is not, standing alone, a cause of action that arises under federal law.

Accordingly, the court recommends that this action be dismissed for lack of subject matter jurisdiction.

## III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge. Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

**IT IS SO ORDERED**.

Dated: September 17, 2026

Craig S. Denney
United States Magistrate Judge